# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NORTHSTAR AVIATION L.L.C., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ALDEN BURT ALBERTO, et al., <br><br> *Defendants*. | Case No. 1:18-cv-00191 (TSE/FJA) |

**DEFENDANT ALDEN BURT ALBERTO'S
FIRST INTERROGATORIES
TO PLAINTIFF NORTHSTAR AVIATION L.L.C.**

Defendant Alden Burt Alberto, by and through the undersigned counsel, hereby submits the following Interrogatories to be answered by Plaintiff NorthStar Aviation L.L.C. ("NorthStar UAE") in accordance with Rule 33 of the Federal Rules of Civil Procedure. Answers to the Interrogatories should be served by delivery to counsel for Mr. Alberto at the offices of Berenzweig Leonard LLP, 8300 Greensboro Drive, Suite 1250, McLean, Virginia 22102 no later than thirty (30) days after service of these Interrogatories.

**DEFINITIONS**

A. The use of the singular form of any word includes the plural and vice versa.

B. Words in the masculine, feminine, or neuter gender shall include each of the other genders as necessary to make the Interrogatories inclusive rather than exclusive.

C. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of any Interrogatory all information that otherwise might be construed to be outside of its scope.

- 1 -

D.  "This litigation," "this action," "this matter," or "this case" means the above-captioned litigation having Civil Action Number 1:18-cv-00191, filed in the United States District Court for the Eastern District of Virginia Court.

E.  "NorthStar UAE," "you," or "your" means Plaintiff NorthStar Aviation L.L.C. and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, or other related company, present or former officer, director, agent, employee, consultant or representative thereof, and any other person or entity acting on or purporting to act on its behalf.

F.  "NorthStar USA" means Plaintiff NorthStar Aviation U.S.A. L.L.C. and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, or other related company, andany present or former officer, director, agent, employee, consultant or representative thereof, and any other person or entity acting on or purporting to act on its behalf.

G.  "Dr. Ahmed" means Dr. Ahmed Bin Saif.

H.  "Alberto," "Mr. Alberto," or "Reno" means Defendant Alden Burt Alberto.

I.  "Vulcan" means Vulcan Aviation L.L.C. and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, or other related company, and any present or former officer, director, agent, employee, consultant or representative thereof, and any other person or entity acting on or purporting to act on its behalf.

J.  "UAE Contract" means the contract with the United Arab Emirates Armed Forces for purchase of thirty (30) 407 MRH Lightning helicopters as alleged in Paragraph 13 of your Complaint.

K.  "UAEAF" means the United Arab Emirates Armed Forces.

L.  "Power of Attorney" means the Power of Attorney attached as Exhibit C to your Complaint.

M. "Plaintiffs" means the named plaintiffs in this action.

N. "Defendants" means the named defendants in this action.

O. "Complaint" means the First Amended Complaint (Docket Number 30) and exhibits in the above-captioned case.

P. "Person" or "persons" means any natural person or any business, legal or governmental entity or association.

Q. "Document," as used herein, is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term. A translation of a document is a separate document.

R. "Communication," means any transmittal of information, in the form of facts, ideas, inquiries, or otherwise, including a document.

S. "Correspondence" means communication.

## INSTRUCTIONS

1. <u>Information Requested</u>: In responding to these Interrogatories, furnish all information, however obtained, including hearsay, that is known or available to you or subject to your reasonable inquiry, access or control, including information in the actual or constructive possession of you, any of your employees, agents, representatives, assigns, heirs, or any other person or entity acting on your behalf.

2. <u>Time Period</u>: These Interrogatories are not limited as to time period unless stated otherwise within a specific Interrogatory.

3. <u>Objections</u>: If any part of an Interrogatory is objected to, set forth the basis of the objection and respond to all parts of the Interrogatory to which you do not object, pursuant to

Federal Rule of Civil Procedure 33 and Local Civil Rule 26(C). All objections are waived if not timely provided and stated in your written response to these Interrogatories.

4. <u>Privilege</u>: If you assert a privilege or the work product doctrine as a ground for not answering any Interrogatory, provide a Privilege Log in accordance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure identifying the privilege or doctrine on which you rely as a basis for nondisclosure, as well as the nature of the information not provided in a manner sufficient to assess the claim of privilege or other protection.

5. <u>Destruction</u>: If you have knowledge that any document, tangible object, or other thing containing information responsive to any Interrogatory has been destroyed or is no longer in existence, identify and describe with particularity the document, tangible object, or thing destroyed, where it was destroyed, who possessed it prior to its destruction, who destroyed it, what the contents of the document, tangible object or thing were prior to its destruction, and why and how it was destroyed.

6. <u>Identify (with respect to persons)</u>: When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

7. <u>Identify (with respect to documents)</u>: When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the documents; and (iv) author(s), addressee(s) and recipient(s).

8. <u>Duty to Supplement</u>: These Interrogatories are continuing and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are required to supplement your answers with

any information that becomes available to you or to any of your attorneys, agents or representatives up to the conclusion of this litigation.

9. <u>Documents Provided Under Rule 33(d)</u>:  If you answer any Interrogatory by reference to documents pursuant to Fed. R. Civ. P. Rule 33(d), the referenced documents shall be identified by Bates numbers.

## INTERROGATORIES

1. Identify each and every individual who may have personal knowledge as to the allegations and subject matter contained in the Complaint, and for each such individual, identify: (a) his or her name; (b) his or her present address, telephone number and/or email address; and (c) a summary description of such information known by each such person.

2. Describe in detail the formation and governance structure of NorthStar UAE, including identification of all current NorthStar UAE subsidiaries, affiliated companies, owners, members, shareholders, directors, managers, and corporate executives, as well as explaining the relationship between NorthStar UAE and Rotana Jet and identifying any applicable operating agreement or similar agreement between the two entities.

3. State in detail and non-conclusory language all facts and identify all documents concerning or relating to the revocation of Mr. Alberto's Power of Attorney as alleged in Paragraph 68 of your Complaint, including the specific reason(s) for revoking the Power of Attorney, who participated in that decision, when that decision was made, and what impact such revocation had on Mr. Alberto's ability to continue to act on behalf of NorthStar UAE.

4. State in detail and non-conclusory language all facts and identify all documents concerning or relating to the granting of Mr. Alberto's Power of Attorney, including the specific reason(s) for granting this authority, who participated in that decision, when that decision was

made, and what if any limitations you contend were provided under the Power of Attorney in terms of Mr. Alberto's ability to act on behalf of NorthStar UAE.

5. Itemize all compensation of any form, including salary, bonuses, distributions, and draws, paid to each owner, member, shareholder, director, manager, or executive of NorthStar UAE from January 2013 to the present, including the dates and amounts of each payment and the reason for each payment, specifically including the following individuals:

    a) Dr. Ahmed;

    b) Alden Burt Alberto;

    c) Lyle Becka;

    d) Nrasib Ali;

    e) Hani Farag; and

    f) Marwan Agha.

6. State in detail and non-conclusory language the tasks and duties undertaken by Dr. Ahmed in securing and/or performing under the UAE Contract.

7. State in detail how much money, if any, Dr. Ahmed contributed in forming NorthStar UAE, including the dates and amounts of each payment, the specific purpose for each payment, if any, and identify any financial statements reflecting such payments.

8. State in detail and non-conclusory language the basis for your assertion that the bonuses paid to Mr. Alberto were excessive relative to the finances of the company, including the basis for your claim that Mr. Alberto was not entitled to them as alleged in Paragraph 48 of your Complaint and what amount of bonus to Mr. Alberto would not have been excessive in your view.

9. With respect to your allegation in Paragraph 26 of the Complaint that the March 19, 2014, revision of 2012 Employment Agreement (attached to the Complaint as Exhibit B) was not approved by NorthStar UAE's Board of Directors, state all facts and identify all documents you believe support that contention, including whether you contend that Mr. Alberto was required to get approval from NorthStar UAE's Board of Directors, and, if so, state in detail and non-conclusory language the basis for that contention.

10. Did the Power of Attorney give Mr. Alberto the authority to amend NorthStar USA's Limited Liability Company Agreement, and, if not, state all facts and identify all documents to support your contention.

11. State in detail and non-conclusory language all topics discussed at the NorthStar UAE Board meeting held on October 17, 2017, including identifying the location of the meeting, each attendee, and the reason for calling the meeting.

12. Specifically itemize all capital contributions or other monetary investments made to NorthStar UAE since its formation by any person, including but not limited to Dr. Ahmed.

13. Describe in detail the facts known to you relating to any ITAR (International Traffic in Arms Regulation) export license held by NorthStar UAE at any time, including the circumstances under which NorthStar UAE obtained such license(s), any and all notifications or other communications between NorthStar UAE on one hand and the U.S. government on the other hand, regarding such license(s), the circumstances under which any such license(s) were rescinded, the circumstances under which NorthStar UAE obtained any license after one or more licenses were rescinded, whether NorthStar UAE currently holds any ITAR license and, if so, the identification of such license(s).

14. State in detail and non-conclusory language the basis for your allegation in Paragraph 126 of the Complaint that Mr. Alberto, together with others, wrongfully laid off "well-paid and vital revenue-generating employees," including the names of such employees, when they were laid off, and how they were "vital revenue-generating employees," as well as all persons who you contend participated in these layoffs.

15. With respect to the allegation in Paragraph 125 of the Complaint that Mr. Alberto, Terry Paul Key, and Hillary R. Holcombe conspired to ship NorthStar's equipment to United States for their own use, state in detail and non-conclusory language the basis for this allegation, including but not limited to how you learned of this, whether the equipment was, in fact, ever shipped to the USA, identify the specific equipment at issue, and your belief whether the shipping of the property to the United States served any business purpose for NorthStar UAE.

16. Describe in detail and non-conclusory language all communications between NorthStar UAE on the one hand and the UAEAF and its representatives on the other hand, regarding Mr. Alberto and/or Vulcan since the revocation of Mr. Alberto's Power of Attorney on or about October 19, 2017.

17. Describe in detail and non-conclusory language all communications between NorthStar UAE on the one hand and the U.S. State Department and its representatives on the other hand, regarding NorthStar USA's and/or NorthStar UAE's ITAR license since revocation of Mr. Alberto's Power of Attorney on or about October 19, 2017.

18. Specifically itemize and describe all opportunities and customers associated with such business relationships that you claim to have lost as a result of Defendants' alleged conduct as alleged in Paragraph 118 of your Complaint, and include in your response the stated reason(s) for such lost opportunity or relationship (if any), the date such opportunity or relationship was

- 9 -

lost or sabotaged, and the specific monetary amount you would have realized if the opportunity or relationship had not been lost.

19. Specifically itemize all damages you are seeking in this lawsuit and the methodology you use to calculate such damages, including all lost business, prospective business, and any other damages you seek.

20. State in detail and non-conclusory language all acts undertaken by NorthStar UAE to mitigate any alleged damages you claim was caused by the conduct alleged in the Complaint.

21. Identify all non-attorneys who participated in the decision to file this litigation.

22. Identify any individuals(s) that you have consulted or expect to call as a fact or expert witness at trial of this matter. For each such witness, provide the person's name, company, address and profession or occupation, the subject matter or area on which each witness is expected to testify, the substance of the facts and opinions to which each witness will testify, and a summary of the grounds for each opinion of any expert witness identified.

23. Identify each and every person who provided information or otherwise assisted with your answers to these interrogatories, including each person's title, phone number, address, and a description of the substance of the input and/or assistance provided by each such person.

24. Identify each and every non-privileged communication with any third party regarding the allegations in the Complaint, including the date of such communication and reason for such communication.

Respectfully submitted,

Dated: August 3, 2018                    /s/ Nicholas R. Johnson
Nicholas R. Johnson, Esq. (VSB No. 80525)
 njohnson@berenzweiglaw.com
Declan C. Leonard, Esq. (VSB No. 40292)
 dleonard@berenzweiglaw.com
Clyde E. Findley, Esq. (VSB No. 48277)
 cfindley@berenzweiglaw.com
Ryen C. Rasmus, Esq. (VSB No. 84346)
 rrasmus@berenzweiglaw.com
Samantha K. Bernstein, Esq. (VSB No. 89010)
 sbernstein@berenzweiglaw.com
BERENZWEIG LEONARD, LLP
8300 Greensboro Drive, Suite 1250
McLean, Virginia 22102
(703) 760-0402 (telephone)
(703) 462-8674 (facsimile)

*Counsel for Defendant Alden Burt Alberto*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, I served a copy of the foregoing document via email and hand-delivery to:

| | |
|---|---|
| Thomas M. Dunlap (VSB No. 44016) <br> Ellis L. Bennett (VSB No. 71685) <br> DUNLAP BENNETT & LUDWIG PLLC <br> 211 Church Street SE 8003 <br> Leesburg, Virginia 20175 <br> (703) 777-7319 <br> (703) 777-3656 (facsimile) <br> tdunlap@dbllawyers.com <br> ebennett@dbllawyers.com | Kevin T. Streit (VSB No. 45024) <br> Stephanie Martinez (VSB No. 87791) <br> DUNLAP BENNETT & LUDWIG PLLC <br> Franklin Farms Drive, Suite 220 <br> Richmond, Virginia 23229 <br> (804) 873-7776 <br> (804) 977-2680 (facsimile) <br> kstreit@dbllawyers.com <br> smartinez@dbllayers.com <br> <br> *Counsel for Plaintiffs* |

                                                /s/ Nicholas R. Johnson
                                                    Nicholas R. Johnson