

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| NORTHSTAR AVIATION L.L.C., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALDEN BURT ALBERTO, ) <br>   a/k/a Reno Alberto, ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 1:18cv191-TSE-JFA |

## PLAINTIFF NORTHSTAR AVIATION L.L.C.'S
## FOURTH SUPPLEMENTAL RESPONSES TO
## DEFENDANT ALDEN BURT ALBERTO'S FIRST INTERROGATORIES

Plaintiff NorthStar Aviation L.L.C. ("NorthStar UAE"), by counsel, hereby states the following fourth supplemental responses to Defendant Alden Burt Alberto's First Interrogatories, as provided under Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the U.S. District Court for the Eastern District of Virginia.

OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A. NorthStar UAE objects to Definition E ("NorthStar UAE," "you" or "your"), as used in Interrogatories 2-5, 7-9, 11-13, 15-18, and 20, to the extent it causes ambiguity and requests information in the possession of a "former" parent, subsidiary, department, division, subdivision, branch, affiliate, or other related company, or a "former" officer, director, agent, employee, consultant or representative thereof, as such information is outside of NorthStar UAE's control. NorthStar UAE also objects to Definition E to the extent it requests information from NorthStar UAE's attorneys that is protected by a lawful privilege. NorthStar UAE objects to Definition E as vague, ambiguous and overly broad to the extent it includes the undefined

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| NORTHSTAR AVIATION L.L.C., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALDEN BURT ALBERTO, <br> a/k/a Reno Alberto, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 1:18cv191-TSE-JFA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF NORTHSTAR AVIATION L.L.C.'S
## FOURTH SUPPLEMENTAL RESPONSES TO
## DEFENDANT ALDEN BURT ALBERTO'S FIRST INTERROGATORIES

Plaintiff NorthStar Aviation L.L.C. ("NorthStar UAE"), by counsel, hereby states the following fourth supplemental responses to Defendant Alden Burt Alberto's First Interrogatories, as provided under Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the U.S. District Court for the Eastern District of Virginia.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A. NorthStar UAE objects to Definition E ("NorthStar UAE," "you" or "your"), as used in Interrogatories 2-5, 7-9, 11-13, 15-18, and 20, to the extent it causes ambiguity and requests information in the possession of a "former" parent, subsidiary, department, division, subdivision, branch, affiliate, or other related company, or a "former" officer, director, agent, employee, consultant or representative thereof, as such information is outside of NorthStar UAE's control. NorthStar UAE also objects to Definition E to the extent it requests information from NorthStar UAE's attorneys that is protected by a lawful privilege. NorthStar UAE objects to Definition E as vague, ambiguous and overly broad to the extent it includes the undefined

transfer of $5,000,000 from NorthStar UAE to NorthStar USA; and (2) the purpose of the aforementioned $5,000,000, namely, that it was designated for use for NorthStar's pending contracts with Iraq and Afghanistan.

- Reema Elhindi
  (to be contacted through plaintiffs' counsel)

  <u>Subjects on which the witness may have knowledge or discoverable information</u>: Reema Elhindi may have knowledge and/or discoverable information relating to: (1) NorthStar UAE's Bank Payment Voucher dated September 17, 2017, regarding the transfer of $5,000,000 from NorthStar UAE to NorthStar USA; and (2) the purpose of the aforementioned $5,000,000, namely, that it was designated for use for NorthStar's pending contracts with Iraq and Afghanistan.

- Jamil Bahremi
  Afghan Public Protection Force
  Shahr Ara Road
  Kabul, Afghanistan

  <u>Subjects on which the witness may have knowledge or discoverable information</u>: Mr. Bahremi may have knowledge and/or discoverable information relating to: (1) his communications with Mr. Alberto regarding potential contracts between NorthStar and the Afghanistan military and/or government; and (2) the details, negotiations, and circumstances of potential contracts between NorthStar and the Afghanistan military and/or government.

2. Describe in detail the formation and governance structure of NorthStar UAE, including identification of all current NorthStar UAE subsidiaries, affiliated companies, owners, members, shareholders, directors, managers, and corporate executives, as well as explaining the relationship between NorthStar UAE and Rotana Jet and identifying any applicable operating agreement or similar agreement between the two entities.

   OBJECTION(S): NorthStar further objects to the multi-part character of this Interrogatory, which comprises at least three interrogatories in the guise of one.

   RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

   NorthStar Aviation L.L.C. ("NorthStar UAE") was formed as a limited liability company in Abu Dhabi with commercial license number CN-1341341 issued by the Department of Economic Development in Abu Dhabi. NorthStar UAE's

principal place of business is located in Abu Dhabi, United Arab Emirates ("UAE"). NorthStar UAE has two shareholders: Dr. bin Saif, a UAE national, and Rotana Jet Aviation LLC, a limited liability company incorporated in Abu Dhabi holding commercial license number CN-1239076 issued by the Department of Economic Development in Abu Dhabi. Rotana Jet Aviation LLC's sole member is Dr. bin Saif.

NorthStar UAE executed a Memorandum of Association dated December 6, 2011. *See* NSA000380-399. NorthStar UAE then executed an Agreement to Amend the Memorandum of Association, which was recorded on March 25, 2013. Pursuant to the Memorandum of Association, NorthStar UAE is controlled by a Board of Directors. *See* NSA000105-120. Dr. bin Saif is the Chairman of the Board of Directors for NorthStar UAE. The 2013 Amendment appointed Alberto as the initial Managing Director of NorthStar UAE to manage day to day affairs for NorthStar UAE. Lyle Becka currently serves as the Vice President of Operations for NorthStar UAE. Salem AlDhaheri currently serves as the Senior Vice President, Corporate for NorthStar UAE.

NorthStar UAE is the sole Member of NorthStar USA; it has no other subsidiaries or affiliates.

SUPPLEMENTAL RESPONSES: Dr. Bin Saif is the Chairman and sole member of the Board of Directors for NorthStar UAE.

Lyle Becka, as the Vice President of Operations, and Salem AlDhaheri, as the Senior Vice President of Corporate, are the sole representatives and authorized agents of NorthStar USA and operate under the control of the Board of Directors.

The following are the operational managers and directors of NorthStar UAE. These individuals have no official decision-making capacity and are not authorized to represent NorthStar UAE, beyond making day-to-day decisions authorized under their job descriptions. Nrasib Ali is director of finance; Kate Beckley is manager of Human Resources; Adam Gunn is director of Technical Services; Stefan Orlygsson is manager of Customer Support; Thomas Graziano is Quality manager. Gregory Huber is Logistics manager for NorthStar UAE.

3. State in detail and non-conclusory language all facts and identify all documents concerning or relating to the revocation of Mr. Alberto's Power of Attorney as alleged in Paragraph 68 of your Complaint, including the specific reason(s) for revoking the Power of Attorney, who participated in that decision, when that decision was made, and what impact such revocation had on Mr. Alberto's ability to continue to act on behalf of NorthStar UAE.

SUPPLEMENTAL RESPONSE: Prior to the Board of Directors meeting on October 17, 2017, Dr. bin Saif requested financial information from Defendant Alberto regarding NorthStar. Based on NorthStar's records, Dr. bin Saif questioned Defendant Alberto about the financial health of NorthStar. Defendant Alberto informed Dr. bin Saif that NorthStar would survive until early 2019, when the second half of the Performance Bond was released and the contract with the UAEAF was complete. It was evident that Defendant Alberto was only interested in keeping the company (barely) viable until that time and did not intend to expand or continue the company. Dr. bin Saif was displeased with this short-sighted approach; he wanted NorthStar to obtain more customers and to grow its business. Dr. bin Saif questioned Defendant Alberto about the company's finances and the bonuses paid to employees. Defendant Alberto had misled Dr. bin Saif for some time regarding the bonuses by reporting the total bonuses paid to all employees, rather than itemizing the amounts given to each employee and thus concealing the inappropriate bonus amounts paid to him and other select employees.

4. State in detail and non-conclusory language all facts and identify all documents concerning or relating to the granting of Mr. Alberto's Power of Attorney, including the specific reason(s) for granting this authority, who participated in this decision, when that decision was made, and what if any limitations you contend were provided under the Power of Attorney in terms of Mr. Alberto's ability to act on behalf of NorthStar UAE.

>   OBJECTION(S): NorthStar further objects that the Interrogatory improperly purports to instruct NorthStar on how it may respond to the Interrogatory. Additionally, NorthStar objects to the multi-part character of this Interrogatory, which comprises at least four interrogatories in the guise of one. Furthermore, the interrogatory's request for NorthStar to "identify all documents" is in the nature of a request for production of documents and is therefore improper as an interrogatory.
>
>   RESPONSE: Without waiving its objections, Plaintiff states the following for its response.
>
>   The Power of Attorney, attached as Exhibit C to the Amended Complaint, was recorded on March 25, 2013, as part of the formation process of NorthStar UAE. The Power of Attorney was issued as a matter of standard UAE business practice, namely to address the fact that, in the UAE, if authorization to act on behalf of a business is not presented in writing, other entities may refuse to recognize an individual's authorization to act on behalf of that business. The purpose of the Power of Attorney was not to shift all governance and control of NorthStar UAE to

Defendant Alberto. Instead, the members of NorthStar UAE, namely, Dr. bin Saif, individually and as the representative of Rotana Jet LLC, authorized and issued the Power of Attorney to Defendant Alberto with the sole intent to provide Defendant Alberto with sufficient authority to manage the day to day business of NorthStar UAE.

In regard to its terms and limitations, the Power of Attorney speaks for itself. See also NorthStar UAE's responses to Request for Production No. 33.

5. Itemize all compensation of [*sic*] any form, including salary, bonuses, distributions, and draws paid to each owner, member, shareholder, director, manager, or executive of NorthStar UAE from January 2013 to the present, including the dates and amounts of each payment and the reason for each payment, specifically including the following individuals:

   a) Dr. Ahmed;

   b) Alden Burt Alberto;

   c) Lyle Becka;

   d) Nrasib Ali;

   e) Hani Farag; and

   f) Marwan Agha.

OBJECTION(S): NorthStar further objects to the multi-part character of this Interrogatory, which comprises at least six interrogatories in the guise of one.

RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

Dr. bin Saif received distributions from NorthStar USA and NorthStar UAE pursuant to his rights as one of the two members of NorthStar UAE (NorthStar USA's parent company). These distributions included a $4,540,000 distribution on June 29, 2017.

Defendant Alberto improperly used his power as CEO to pay to himself at least $19,307,399 in unauthorized bonuses between 2013 and 2017. Pursuant to Defendant Alberto's Employment Agreement dated May 31, 2012, attached as Exhibit B to the Amended Complaint, Defendant Alberto was entitled to a $750,000 annual base salary with $250,000 in deferred compensation. Defendant Alberto was

- June 2013 - $65,000 (237,900 AED)
- January 2014 - $65,000 (237,900 AED)
- December 2014 - $100,000 (366,000 AED)
- December 2015 - $110,000 (402,600 AED)
- November 2016 - $67,500 (247,050 AED)

Nrasib Ali: Please see the documents produced as NSA010693-750, and NSA010752-62.

Terry Key: Please see documents produced as NSA011127-84.

Dr. bin Saif: Further examination of NorthStar's records has revealed that the July 17, 2017 distribution of $4.54 million (AED 16,661,800.00), as evidenced in a Board Resolution dated June 29, 2017, was not made to Dr. bin Saif. *See* NSA000411-412.

THIRD SUPPLEMENTAL RESPONSE: On October 20, 2013, Alberto was paid $98,336 by NorthStar UAE.

6. State in detail and non-conclusory language the tasks and duties undertaken by Dr. Ahmed in securing and/or performing under the UAE Contract.

OBJECTION(S): NorthStar further objects that the Interrogatory improperly purports to instruct NorthStar on how it may respond to the Interrogatory. Additionally, NorthStar objects that this Interrogatory is neither relevant nor proportional to the needs of the case, as it does not relate to any claim or defense in the lawsuit. For this reason, too, the Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

As a member of the UAE royal family, Dr. bin Saif's name carries significant influence in the UAE. Without Dr. bin Saif's participation in NorthStar, it is unlikely that NorthStar would have secured the UAE Contract. Dr. bin Saif also corresponded with the client regarding NorthStar's performance under the Contract. In addition, Dr bin Saif secured the funding for the formation of NorthStar UAE. Several of NorthStar's employees had worked for a previous company called Reflex Responses Management Consultancy, L.L.C. ("R2"). R2 was a limited liability company incorporated and subsisting in Abu Dhabi, UAE, that had funding provided by the UAE government. After a decision was made to liquidate R2, the remaining funds in the R2 accounts were authorized to be transferred to NorthStar by the UAE government after consultation with Dr bin Saif. The amount transferred was approximately $32,000,000.

SUPPLEMENTAL RESPONSE: Dr. bin Saif, as the sole member of Rotana Jet, also authorized Rotana Jet to lease its hangar to NorthStar for its use.

21

7. State in detail how much money, if any, Dr. Ahmed contributed in forming NorthStar UAE, including the dates and amounts of each payment, the specific purpose for each payment, if any, and identify any financial statements reflecting such payments.

OBJECTION(S): NorthStar further objects that this Interrogatory is neither relevant nor proportional to the needs of the case, as it does not relate to any claim or defense in the lawsuit. For this reason, too, the Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, NorthStar objects to the multi-part character of this Interrogatory, which states at least at least three interrogatories in the guise of one. Furthermore, the interrogatory's request for NorthStar to "identify any financial statements" is in the nature of a request for production of documents and is therefore improper as an interrogatory.

RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

Dr Bin Saif secured the funding for the formation of NorthStar UAE. Several of NorthStar's employees had worked for a previous company called Reflex Responses Management Consultancy, L.L.C. ("R2"). R2 had funding provided by the UAE government. After a decision was made to liquidate R2, the remaining funds in the R2 accounts were authorized to be transferred to NorthStar by the UAE government after consultation with Dr Bin Saif. The amount transferred was approximately $32,000,000. Alberto did not contribute any capital to NorthStar UAE. Dr. bin Saif did not personally contribute capital to form NorthStar UAE.

SUPPLEMENTAL RESPONSE: The funds originally held by R2 were paid directly to Vulcan Management Consultancy, LLC, which in turn loaned the funds to NorthStar UAE. The loan amount of about 336,835 AED was later forgiven on or around December 31, 2016. *See* NSA000400. At this time NorthStar believes there may have been additional capitalizations contributed to NorthStar UAE which NorthStar is investigating. NorthStar will supplement its response to this interrogatory if additional capitalizations come to light.

8. State in detail and non-conclusory language the basis for your assertion that the bonuses paid to Mr. Alberto were excessive relative to the finances of the company, including the basis for your claim that Mr. Alberto was not entitled to them as alleged in Paragraph 48 of your Complaint and what amount of bonus to Mr. Alberto would not have been excessive in your view.

RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

NorthStar UAE did not communicate with the Department of State because it did not have an ITAR license. NorthStar USA had an ITAR license.

18. Specifically itemize and describe all opportunities and customers associated with such business relationships that you claim to have lost as a result of Defendants' alleged conduct as alleged in Paragraph 118 of your Complaint, and include in your response the stated reason(s) for such lost opportunity or relationship (if any), the date such opportunity or relationship was lost or sabotaged, and the specific monetary amount you would have realized if the opportunity or relationship had not been lost.

OBJECTION(S): NorthStar further objects that this Interrogatory is neither relevant to any claim or defense in this lawsuit nor proportional to the needs of the case, as it relates solely to a cause of action which the Court has now dismissed. NorthStar also objects to the multi-part character of the interrogatory, which states at least three interrogatories in the guise of one. Additionally, based upon the multi-part character of this and many of the preceding Interrogatories Alberto has exceeded the number of Interrogatories permitted under the Court's August 1, 2018 Order [Dkt. 50].

RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

NorthStar had a contract opportunity with Iraq to sell 407MRH aircraft to the Iraqi government. Upon information and belief, Defendant Alberto intended, and made plans, to have his new company, Vulcan Aviation LLC, take over and perform on this contract after the October 17, 2018 Board of Directors meeting in Abu Dhabi with Dr. bin Saif. On or about October 21, 2017, Terry Key informed several NorthStar employees that he and Defendant Alberto were forming a new company that they would be invited to join, which would take the Iraqi Military contract that NorthStar was pursuing. *See* NSA0000692-696. In addition, Defendant Alberto and Terry Key conspired to send a letter to Bell Helicopter to inform them that they had established Vulcan Aviation LLC and that all of the personnel and assets from NorthStar USA would be rebranded to Vulcan Aviation LLC. Terry Key reported in an email dated October 24, 2017, that Vulcan Aviation LLC would approach the Iraqi Military with this change, acting with the intent of interfering with and misappropriating NorthStar USA's expected contract. *See* Vulcan0041. Defendant

Alberto also directed Terry Key to compile a list of NorthStar vendors. Upon information and belief, this was done to allow Defendant Alberto to send NorthStar's vendors notice of the "rebranding" of NorthStar USA to Vulcan Aviation LLC.

Defendant Alberto also used promotional and advertising material from NorthStar, including photographs of *NorthStar's* helicopters to advertise for Vulcan Aviation LLC. Hillary Holcombe, with Defendant Alberto's authorization, repurposed NorthStar's images for Vulcan Aviation LLC. Defendant Alberto also used funds from NorthStar USA to pay for Vulcan Aviation LLC expenses, including advertising expenses.

Additionally, NorthStar was pursuing a contract with Kuwait through Hichem Bendida. Defendant Alberto and Terry Key attempted to interfere in NorthStar's receipt of the Kuwait contract to misappropriate it for their new company, Vulcan Aviation LLC. Defendant Alberto and Terry Key communicated with Hichem Bendida in November 2017 regarding the Kuwait contract. In one November 14, 2017 email, Terry Key specifically tells Mr. Bendida to keep quiet about the Kuwait contract with Bell Helicopters. *See* Vulcan0036.

19. Specifically itemize all damages you are seeking in this lawsuit and the methodology you use to calculate such damages, including all lost business, prospective business, and any other damages you seek.

OBJECTION(S): NorthStar objects as well that this Interrogatory seeks information subject to the mandatory disclosure provisions of Rule 26(a)(1) of the Federal Rules of Civil Procedure, and that the Interrogatory is therefore unnecessary and duplicative. Additionally, based upon the multi-part character of many of the preceding Interrogatories Alberto has exceeded the number of Interrogatories permitted under the Court's August 1, 2018 Order [Dkt. 50].

RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

NorthStar seeks compensation from Defendant Alberto in the amount of at least $23,874,698.95 for the damages NorthStar suffered due to Defendant Alberto's breaches of fiduciary duty, conversion, defamation and unjust enrichment at NorthStar's expense. NorthStar further seeks pre and post-judgment interest. This includes the bonuses paid to Defendant Alberto, Terry Key, and Nrasib Ali as set forth in the answer to Interrogatory No. 5, as well as bonus payments to Hillary Holcombe in the total amount of $220,000, which includes $20,000 on November 27, 2016; $100,000 on June 29, 2017; and $100,000 on October 4, 2017. NorthStar further seeks compensation for the more than $664,000.00 Defendant Alberto

transferred or withdrew from NorthStar USA's bank accounts following his termination.

20. State in detail and non-conclusory language all acts undertaken by NorthStar UAE to mitigate any alleged damages you claim was [*sic*] caused by the conduct alleged in the Complaint.

OBJECTION(S): NorthStar further objects that the Interrogatory improperly purports to instruct NorthStar on how it may respond to the Interrogatory. Additionally, based upon the multi-part character of many of the preceding Interrogatories Alberto has exceeded the number of Interrogatories permitted under the Court's August 1, 2018 Order [Dkt. 50].

RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

In the summer of 2017, Dr. bin Saif began to closely scrutinize NorthStar's finances and ordered Defendant Alberto to decrease expenses. However, Defendant Alberto continued to make improper bonus payments to himself, Terry Key, Hillary Holcombe, and Nrasib Ali, contrary to Dr. bin Saif's orders. Defendant Alberto had been concealing his improper and unauthorized bonus payments for several years.

However, on October 8, 2017, Dr. bin Saif sent a Notice of a meeting of the Board of Directors to discuss NorthStar's finances for the 2016 calendar year, including bonus payments, and its projections moving forward. Dr. bin Saif also requested that Defendant Alberto and Nrasib Ali provide documentation and information regarding NorthStar's cash availability, and a breakdown of bonuses paid to Executive Management. Yet, at the October 17, 2017 board meeting, Defendant Alberto refused to fully and candidly address Dr. bin Saif's concerns about NorthStar's finances. As a result, Dr. bin Saif revoked Defendant Alberto's Power of Attorney almost immediately on October 19, 2017. A copy of the Revocation of Power of Attorney was provided to NorthStar's bank in the UAE and the U.S. State Department to inform them that Defendant Alberto no longer had any power to make decisions for, or handle the finances of, NorthStar. Dr. bin Saif also wrote to Deloitte & Touche (M.E.) on October 18, 2017, to confirm changes that would be made to the audit reports for NorthStar in order to allow more transparency and oversight, particularly of bonus payments. *See* NSA000413.

Dr. bin Saif appointed Lyle Becka as Vice President of Operations to take over from Defendant Alberto. Dr. bin Saif requested that Defendant Alberto assist in a "seamless transition" of duties and responsibilities to Lyle Becka. *See* NSA000002. On October 31, 2017, Dr. bin Saif sent a letter to confirm that Lyle Becka had been

Respectfully Submitted,

NORTHSTAR AVIATION L.L.C.,

By: DUNLAP BENNETT & LUDWIG PLLC

   /s/ Sarah C. Aviles
Of Counsel

Thomas M. Dunlap (VSB No. 44016)
Ellis L. Bennett (VSB No. 71685)
Ben S. Barlow (VSB No. 67933)
Eric L. Olavson (VSB No. 87872)
Mary E. Witzel (VSB No. 88117)
DUNLAP BENNETT & LUDWIG PLLC
211 Church Street SE
Leesburg, Virginia 20175
(703) 777-7319
(703) 777-3656 (facsimile)
tdunlap@dbllawyers.com
ebennett@dbllawyers.com
bbarlow@dbllawyers.com
eolavson@dbllawyers.com
mwitzel@dbllawyers.com

Noah Fontanez, Esquire, Pro Hac Vice
DUNLAP BENNETT & LUDWIG PLLC
616 South Boston Avenue, Suite 60
Tulsa, Oklahoma 74119
(918) 505-7851
(918) 505-7851 (facsimile)
nfontanez@dbllawyers.com

Kevin T. Streit (VSB No. 45024)
DUNLAP BENNETT & LUDWIG PLLC
8003 Franklin Farms Drive, Suite 220
Richmond, Virginia 23229
(804) 823-7776
(804) 977-2680 (facsimile)
kstreit@dbllawyers.com

Sarah C. Aviles (VSB No. 86031)
DUNLAP BENNETT & LUDWIG PLLC
8300 Boone Boulevard, Suite 550
Vienna, Virginia 22182
(703) 777-7319
(703) 777-3656 (facsimile)
saviles@dbllawyers.com

*Counsel for the Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2018, a true copy of the foregoing was transmitted via electronic mail to:

    Clyde E. Findley, Esq.
    Nicholas R. Johnson, Esq.
    Ryen Rasmus, Esq.
    Samantha Bernstein, Esq.
    Berenzweig Leonard LLP
    8300 Greensboro Drive, Suite 1250
    McLean, Virginia 22102
    njohnson@berenzweiglaw.com
    dleonard@berenzweiglaw.com
    cfindley@berenzweiglaw.com
    rrasmus@berenzweiglaw.com
    sbernstein@berenzweiglaw.com
    *Counsel for defendant Alden Burt Alberto*

                                          */s/ Sarah C. Aviles*
                                        Sarah C. Aviles (VSB No. 86031)
                                        DUNLAP BENNETT & LUDWIG PLLC
                                        8300 Boone Boulevard, Suite 550
                                        Vienna, Virginia 22182
                                        (703) 777-7319
                                        (703) 777-3656 (facsimile)
                                        saviles@dbllawyers.com
                                        *Counsel the Plaintiffs*

## VERIFICATION OF ANSWERS TO INTERROGATORIES

I, the undersigned, hereby certify under penalty of perjury that the Fourth Supplemental responses to the First Set of Interrogatories to NorthStar Aviation L.L.C. are true and correct to the best of my knowledge and belief.

Executed on this 29th day of November, 2018.

NORTHSTAR AVIATION L.L.C.

By: _____
Title: Vice President
Name: Lyle Becka