

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## NORTHSTAR AVIATION USA LLC

This Limited Liability Company Agreement (this "***Agreement***") of NorthStar Aviation USA LLC (the "***Company***"), dated as of June 6, 2012, is adopted by NorthStar Aviation LLC (the "***Member***").

***Section 1. Formation of the Company.*** Pursuant to the certificate of formation of the Company filed with the Secretary of State of the State of Delaware on May 31, 2012 (the "***Certificate of Formation***"), which the Member hereby approves and ratifies, the Member hereby forms a limited liability company pursuant to the Delaware Limited Liability Company Act, 6. Del. C. Section 18-101, et seq., as amended from time to time (the "***Delaware Act***"). The Member hereby approves and ratifies the execution and filing of the Certificate of Formation with the Secretary of State of the State of Delaware by Caroline Johnson, as an authorized person within the meaning of the Delaware Act.

***Section 2. Interests and Admission.*** The Company shall be authorized to issue a single class of Limited Liability Company Interests (the "***Interests***"), including any and all benefits to which the holders of such Interests may be entitled pursuant to this Agreement, together with all obligations of such person to comply with the terms and provisions of this Agreement. Simultaneously with the execution and delivery of this Agreement and the filing of the Certificate of Formation with the Office of the Secretary of State of the State of Delaware, the Member is admitted as member of the Company in respect of the Interests.

***Section 3. Registered Office and Registered Agent.*** The registered office of the Company in the State of Delaware is c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, City of Wilmington, County of New Castle, Delaware 19801, and the registered agent for service of process on the Company in the State of Delaware is The Corporation Trust Company. The Member may from time to time change the registered office of the Company to such other place or the registered agent of the Company to such other person as the Member deems appropriate.

***Section 4. Company Purposes.*** The purpose of the Company is to conduct any activities permitted by law.

***Section 5. Capital Contributions.*** The Member may make capital contributions to the Company from time to time, and the Company will adjust Exhibit A to reflect such capital contributions if and when made.

***Section 6. Tax Classification of Company.*** The Company is to be classified and treated as a corporation for U.S. federal and state income tax purposes, and the officers of the Company

NSA000128

are hereby authorized to take all necessary action to ensure that the Company receives such treatment.

**Section 7. *Distributions.*** No distribution may be made to the Member if, after giving effect to the distribution, in the judgment of the Member, either (i) the Company would not be able to pay its debts as they become due in the ordinary course of business, or (ii) the fair value of the total assets of the Company would not at least equal its total liabilities. Subject to the foregoing limitation, the Company shall make such distributions to the Member as the Member determines.

**Section 8. *Management.*** The management and control of the Company shall be vested entirely in the Member. The Member (or any authorized person appointed by the Member) shall have all the rights and powers that are conferred by law or are otherwise necessary, advisable, or convenient in order to discharge its duties and to manage the business and affairs of the Company. No person dealing with the Company shall have any obligation to inquire into the power or authority of the Member (or any authorized person appointed by the Member) acting for such purposes on behalf of the Company.

**Section 9. *Officers.*** The officers of the Company shall have no power to act unless approved by the Member. The following person shall be the initial officer of the Company:

    Alden (Reno) Alberto        Chief Executive Officer

**Section 10. *Addition of Additional Members; Transfer or Issuance of an Interest; Withdrawal of a Member.*** No additional members may be admitted without the prior approval of the Member. Except as expressly provided herein, no current or future member may transfer any portion of its Interest in the Company without the consent of the Member (such a transferee being hereinafter referred to as a "***Permitted Transferee***"). A Permitted Transferee shall become a substituted member automatically upon a transfer that complies with this Section 10. Except as provided in mandatory provisions of the Delaware Act and pursuant to the second sentence of this Section 10, no right is given to any member to dissociate from the Company.

**Section 11. *Events of Bankruptcy.*** A member does not cease to be a member upon the happening of any of the events specified in Section 18-304 of the Delaware Act except with the written consent of the Member.

**Section 12. *Dissolution and Term of the Company.*** The Company shall dissolve upon the first to occur of the following: (i) the written consent of the Member, (ii) at any time there is no member of the Company unless the Company is continued in accordance with the Delaware Act, or (iii) the entry of a decree of judicial dissolution under the Delaware Act. Subject to an earlier dissolution as described in the preceding sentence, the Company shall have a perpetual duration.

NSA000129

*Section 13. Limitation of Liability and Indemnification of the Member.*

(a) The Member and the officers shall not be liable for the debts, obligations and liabilities of the Company or its predecessors (if any) ("**Company Obligations**"), whether arising in contract, tort, or otherwise, and the Member and the officers shall be indemnified by the Company to the fullest extent allowed by the Delaware Act against any losses, judgments, liabilities, expenses and amounts paid in settlement of any claims sustained against the Company or against the Member in connection with the Company Obligations.

(b) The Company may purchase and maintain liability, indemnification or other similar insurance on behalf of itself, or for any person who is or was a member, officer, employee, agent or authorized person of the Company or who is or was serving at the request of the Company as a director, manager, officer, trustee, employee, agent or similar functionary of another foreign or domestic corporation, limited liability company, partnership, joint venture, sole proprietorship, trust, employee benefit plan or other enterprise, against any liability asserted against or incurred by the Company or person serving in such a capacity or arising out of its status as such a person or entity, whether or not the Company would otherwise have the power to indemnify such person against that liability.

(c) The power to indemnify or obtain insurance provided in this Section 13 shall be cumulative of any other power of the Member or the officers or any rights to which such persons or entities may be entitled by law, this Agreement, the Certificate of Formation, contract, other agreement, vote or otherwise.

*Section 14. Amendment.* This Agreement may only be amended in a writing signed by the Member.

*Section 15. Governing Law.* This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware.

**[SIGNATURE PAGE FOLLOWS]**

NSA000130

Executed as of the date first written above.

MEMBER:

NORTHSTAR AVIATION LLC

By: /s/ [signature]
Name:
Title: CEO

[Signature Page to Limited Liability Company Agreement of NorthStar Aviation USA LLC]

## Exhibit A

| Member | Capital Contribution |
|---|---|
| **NorthStar Aviation LLC** | $10.00 |

NSA000132