

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| NORTHSTAR AVIATION L.L.C., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALDEN BURT ALBERTO, ) <br> a/k/a Reno Alberto, ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 1:18cv191-TSE-JFA |

**PLAINTIFF NORTHSTAR AVIATION USA LLC'S
FOURTH SUPPLEMENTAL RESPONSES TO
DEFENDANT ALDEN BURT ALBERTO'S FIRST INTERROGATORIES**

Plaintiff NorthStar Aviation USA LLC ("NorthStar USA"), by counsel, hereby states the following Fourth supplemental responses to Defendant Alden Burt Alberto's First Interrogatories, as provided under Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the U.S. District Court for the Eastern District of Virginia.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A. NorthStar USA objects to Definition E ("NorthStar USA," "you" or "your"), as used in Interrogatories 2-5, 7-9, and 11-19, to the extent it causes ambiguity and requests information in the possession of a "former" parent, subsidiary, department, division, subdivision, branch, affiliate, or other related company, or a "former" officer, director, agent, employee, consultant or representative thereof, as such information is outside of NorthStar USA's control. NorthStar USA also objects to Definition E to the extent it requests information from NorthStar USA's attorneys that is protected by a lawful privilege. NorthStar USA objects to Definition E as vague, ambiguous and overly broad to the extent it includes the undefined term, "other related

transfer of $5,000,000 from NorthStar UAE to NorthStar USA; and (2) the purpose of the aforementioned $5,000,000, namely, that it was designated for use for NorthStar's pending contracts with Iraq and Afghanistan.

- Reema Elhindi
  (to be contacted through plaintiffs' counsel)

  Subjects on which the witness may have knowledge or discoverable information: Reema Elhindi may have knowledge and/or discoverable information relating to: (1) NorthStar UAE's Bank Payment Voucher dated September 17, 2017, regarding the transfer of $5,000,000 from NorthStar UAE to NorthStar USA; and (2) the purpose of the aforementioned $5,000,000, namely, that it was designated for use for NorthStar's pending contracts with Iraq and Afghanistan.

- Jamil Bahremi
  Afghan Public Protection Force
  Shahr Ara Road
  Kabul, Afghanistan

  Subjects on which the witness may have knowledge or discoverable information: Mr. Bahremi may have knowledge and/or discoverable information relating to: (1) his communications with Mr. Alberto regarding potential contracts between NorthStar and the Afghanistan military and/or government; and (2) the details, negotiations, and circumstances of potential contracts between NorthStar and the Afghanistan military and/or government.

2. Describe in detail the formation and governance structure of NorthStar USA, including identification of all current NorthStar USA subsidiaries, affiliated companies, owners, members, shareholders, directors, managers, and corporate executives, as well as explaining the relationship between NorthStar USA and NorthStar UAE and identifying any applicable operating agreement or similar agreement between the two entities.

   OBJECTION(S): NorthStar further objects to the multi-part character of this Interrogatory, which comprises at least three interrogatories in the guise of one.

   RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

   NorthStar Aviation USA LLC ("NorthStar USA") was incorporated in the State of Delaware by the filing of a certification of formation on May 31, 2012. *See* NSA000133-134. NorthStar USA's principal place of business is located in Melbourne, Florida, but was previously located in Tysons, Virginia during the

13

times relevant to the claims at issue. NorthStar Aviation L.L.C. ("NorthStar UAE") formed NorthStar USA as its subsidiary to comply with United States Department of State Directorate of Defense Trade Control (DDTC) regulations regarding the performance of defense services by United States citizens for foreign entities. NorthStar USA's sole member is NorthStar UAE, a limited liability company organized and existing under the laws of the United Arab Emirates.

NorthStar USA is governed by a Limited Liability Company Agreement dated June 6, 2012 ("2012 LLC Agreement"), which was adopted by its sole member, NorthStar UAE. *See* NSA000128-132. Pursuant to the 2012 LLC Agreement, the management and control of NorthStar USA were vested entirely in its sole member, NorthStar UAE. The 2012 LLC Agreement appointed Defendant Alberto as its Chief Executive Officer. The officers of NorthStar USA, including Defendant Alberto as CEO, have no power to act unless approved by the sole Member, NorthStar UAE, and its board of directors.

Defendant Alberto drafted an Amended and Restated Limited Liability Company Agreement for NorthStar USA on June 9, 2016 ("2016 Restatement"), without the approval of NorthStar USA's Board of Directors. *See* Exhibit E to the Amended Complaint; NSA000121-127. In the 2016 Restatement, Defendant Alberto named himself as the Manager of NorthStar USA. The 2016 Restatement is signed solely by Defendant Alberto, allegedly as Managing Director of NorthStar UAE and as Manager of NorthStar USA. One of the key changes Defendant Alberto made to the 2012 LLC Agreement in the 2016 Restatement was to change NorthStar USA from a member-managed LLC (i.e., managed by NorthStar UAE), to a manager-managed LLC. The 2016 Restatement also purports to give additional powers of the Manager. This was an improper and unauthorized attempt by Defendant Alberto to furtively increase his powers within NorthStar USA.

NorthStar USA does not have any subsidiaries or shareholders. There is currently no Chief Executive Officer of NorthStar USA. Lyle Becka is currently the highest-ranking officer as the Vice President of Operations for NorthStar USA.

SUPPLEMENTAL RESPONSE: Lyle Becka, as the Vice President of Operations, is the sole representatives and authorized agent of NorthStar USA, under the control of the Members of NorthStar USA. Lyle Becka is also the Manager of NorthStar USA.

The following are the operational managers and directors of NorthStar USA. These individuals have no official decision-making capacity and are not authorized to represent NorthStar USA, beyond making day-to-day decisions permitted regarding the duties imposed upon them via their job descriptions. Nrasib Ali is director of finance; Kate Beckley is manager of Human Resources; Adam Gunn is director of Technical Services; Stefan Orlygsson is manager of Customer Support; Thomas Graziano is Quality manager. Virginia Roberts is Logistics manager for NorthStar USA alone.

corresponded with the client regarding NorthStar's performance under the Contract. In addition, Dr bin Saif secured the funding for the formation of NorthStar UAE. Several of NorthStar's employees had worked for a previous company called Reflex Responses Management Consultancy, L.L.C. ("R2"). R2 was a limited liability company incorporated and subsisting in Abu Dhabi, UAE, that had funding provided by the UAE government. After a decision was made to liquidate R2, the remaining funds in the R2 accounts were authorized to be transferred to NorthStar by the UAE government after consultation with Dr bin Saif. The amount transferred was approximately $32,000,000.

SUPPLEMENTAL RESPONSE: Dr. bin Saif, as the sole member of Rotana Jet, also authorized Rotana Jet to lease its hangar to NorthStar for its use.

7. State in detail how much money, if any, Dr. Ahmed contributed in forming NorthStar USA, including the dates and amounts of each payment, the specific purpose for each payment, if any, and identify any financial statements reflecting such payments.

OBJECTION(S): NorthStar further objects that this Interrogatory is neither relevant nor proportional to the needs of the case, as it does not relate to any claim or defense in the lawsuit. For this reason, too, the Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, NorthStar objects to the multi-part character of this Interrogatory, which states at least at least three interrogatories in the guise of one. Furthermore, the interrogatory's request for NorthStar to "identify any financial statements" is in the nature of a request for production of documents and is therefore improper as an interrogatory.

RESPONSE: Without waiving its objections, Plaintiff states the following for its response.

NorthStar USA was formed with limited capital from NorthStar UAE. NorthStar USA held very little funds and instead received ongoing funding from NorthStar UAE. Dr. bin Saif did not personally contribute capital to form NorthStar USA.

8. State in detail and non-conclusory language the basis for your assertion that the bonuses paid to Mr. Alberto were excessive relative to the finances of the company, including the basis for your claim that Mr. Alberto was not entitled to them as alleged in Paragraph 48 of your Complaint and what amount of bonus to Mr. Alberto would not have been excessive in your view.

OBJECTION(S): NorthStar further objects that the Interrogatory improperly purports to instruct NorthStar on how it may respond to the Interrogatory. NorthStar also objects to the multi-part character of the interrogatory, which states at least two interrogatories in the guise of one.

RESPONSE: Without waiving its objections, Plaintiff states the following for its response

Defendant Alberto paid to himself $19,307,399 in bonuses over less than five (5) years. Defendant Alberto's salary, with allowances, already exceeded $1,000,000 per year. Defendant Alberto never sought approval from the Board of Directors for these bonuses and concealed them in the reports presented to the Board of Directors. For example, Defendant Alberto reported to Dr. bin Saif that the bonus payments made company-wide in November 2016 totaled $3,678,970, concealing the fact that he had distributed almost 75% of that amount to just three individuals: Defendant Alberto, Terry Key and Hillary Holcombe. Defendant Alberto's total compensation for 2016 accounted for approximately 66% of NorthStar USA's total income.

NorthStar USA did not make sufficient profits to justify that level of bonuses. For example, NorthStar USA's 2016 tax returns reflect a total income of just under $7,000,000, but a loss of $203,760.00, which resulted from the remarkably high compensation to Defendant Alberto (almost $5,000,000 in 2016) and other select employees. Defendant Alberto admitted that NorthStar was facing grave financial trouble in a December 31, 2016 letter in which he indicated that NorthStar UAE's accumulated losses exceeded one-half of its share capital. Hani Farag often heard Defendant Alberto claim that NorthStar was in financial decline, even on occasions when NorthStar had just received large payments from the UAE Armed Forces. Dr. bin Saif ordered Defendant Alberto to decrease expenses, and instead, Defendant Alberto made significant bonus payments to himself.

Even if NorthStar could have afforded such bonuses, Defendant Alberto did not earn these bonuses. Defendant Alberto was not involved in the day to day business of NorthStar USA. Apart from Terry Key and Ali Nsarib, most NorthStar employees rarely interacted with or received guidance from Defendant Alberto.

Defendant Alberto did not have extensive experience in NorthStar's line of business. NorthStar had one main contract, referred to in the Amended Complaint as the UAE Contract, and one customer, the Joint Aviation Commission ("JAC") with the UAE Armed Forces. Defendant Alberto rarely made himself available to meet with NorthStar's sole customer at any level to provide support. For example, the senior leadership from JAC specifically requested a meeting with Defendant Alberto in the UAE. Defendant Alberto delayed several months to attend the meeting, which reduced his credibility and good standing with the customer. When the meeting finally occurred, Defendant Alberto mischaracterized the customer's

concerns, which resulted in a further erosion of the relationship between NorthStar and their only customer.

Furthermore, Defendant Alberto failed to secure any additional significant contracts for NorthStar during his time as CEO. Defendant Alberto directed NorthStar to invest hundreds of thousands of dollars in advertising displays at conventions. However, he rarely appeared at these conventions and, even with prodding, never directed any follow-up with potential customers to capitalize on these investments to secure additional contracts.

SUPPLEMENTAL RESPONSE: A reasonable bonus for Alberto would have been an amount, within budget, approved by the sole member of NorthStar USA, namely, NorthStar UAE and its Board of Directors. The amounts taken by Alberto as bonuses were unreasonable and, egregiously, were never submitted to NorthStar UAE's Board of Directors for approval. Particularly during 2017, when the Chairman of the Board of Directors of NorthStar UAE informed Alberto that he needed to take steps to ameliorate the poor financial condition of the company, Alberto should not have taken any of the bonuses he took in 2017, in order to preserve jobs and the financial health of the company. NorthStar's expert has submitted his report assessing the bonuses Alberto took.

SECOND SUPPLEMENTAL RESPONSE: In NorthStar's view, any and all amounts taken by Mr. Alberto that were designated as bonuses were improper and excessive.

THIRD SUPPLEMENTAL RESPONSE: For the reasons previously set forth in response to this Interrogatory, any amount of bonus to Mr. Alberto from NorthStar USA would have been excessive during the years relevant to the Complaint.

9. Did the Power of Attorney give Mr. Alberto the authority to amend NorthStar USA's Limited Liability Company Agreement, and, if not, state all facts and identify all documents to support your contention.

OBJECTION(S): NorthStar further objects that the Interrogatory improperly purports to instruct NorthStar on how it may respond to the Interrogatory. Furthermore, the Interrogatory seeks a legal conclusion rather than a factual answer and is improper on that basis, as well. Additionally, the interrogatory's request for NorthStar to "identify all documents" is in the nature of a request for production of documents and is therefore improper as an interrogatory.

RESPONSE: Without waiving its objections, Plaintiff states the following for its response

Respectfully Submitted,

NORTHSTAR AVIATION USA LLC,

By: DUNLAP BENNETT & LUDWIG PLLC

*/s/ Sarah C. Aviles*
Of Counsel

| | |
|---|---|
| Thomas M. Dunlap (VSB No. 44016)<br>Ellis L. Bennett (VSB No. 71685)<br>Ben S. Barlow (VSB No. 67933)<br>Eric L. Olavson (VSB No. 87872)<br>Mary E. Witzel (VSB No. 88117)<br>DUNLAP BENNETT & LUDWIG PLLC<br>211 Church Street SE<br>Leesburg, Virginia 20175<br>(703) 777-7319<br>(703) 777-3656 (facsimile)<br>tdunlap@dbllawyers.com<br>ebennett@dbllawyers.com<br>bbarlow@dbllawyers.com<br>eolavson@dbllawyers.com<br>mwitzel@dbllawyers.com<br><br>Noah Fontanez, Esquire, Pro Hac Vice<br>DUNLAP BENNETT & LUDWIG PLLC<br>616 South Boston Avenue, Suite 60<br>Tulsa, Oklahoma 74119<br>(918) 505-7851<br>(918) 505-7851 (facsimile)<br>nfontanez@dbllawyers.com | Kevin T. Streit (VSB No. 45024)<br>DUNLAP BENNETT & LUDWIG PLLC<br>8003 Franklin Farms Drive, Suite 220<br>Richmond, Virginia 23229<br>(804) 823-7776<br>(804) 977-2680 (facsimile)<br>kstreit@dbllawyers.com<br><br>Sarah C. Aviles (VSB No. 86031)<br>DUNLAP BENNETT & LUDWIG PLLC<br>8300 Boone Boulevard, Suite 550<br>Vienna, Virginia 22182<br>(703) 777-7319<br>(703) 777-3656 (facsimile)<br>saviles@dbllawyers.com<br><br>*Counsel for the Plaintiffs* |

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2018, a true copy of the foregoing was transmitted via electronic mail to:

>Clyde E. Findley, Esq.
>Nicholas R. Johnson, Esq.
>Ryen Rasmus, Esq.
>Samantha Bernstein, Esq.
>Berenzweig Leonard LLP
>8300 Greensboro Drive, Suite 1250
>McLean, Virginia 22102
>njohnson@berenzweiglaw.com
>dleonard@berenzweiglaw.com
>cfindley@berenzweiglaw.com
>rrasmus@berenzweiglaw.com
>sbernstein@berenzweiglaw.com
>*Counsel for Defendant Alden Burt Alberto*

>*/s/ Sarah C. Aviles*
>Sarah C. Aviles (VSB No. 86031)
>DUNLAP BENNETT & LUDWIG PLLC
>8300 Boone Boulevard, Suite 550
>Vienna, Virginia 22182
>(703) 777-7319
>(703) 777-3656 (facsimile)
>saviles@dbllawyers.com
>*Counsel the Plaintiffs*

## VERIFICATION OF ANSWERS TO INTERROGATORIES

I, the undersigned, hereby certify under penalty of perjury that the Fourth Supplemental responses to the First Set of Interrogatories to NorthStar Aviation USA, LLC are true and correct to the best of my knowledge and belief.

Executed on this 29th day of November, 2018.

NORTHSTAR AVIATION USA, LLC

By: _____
Title: Vice President
Name: Lyle Becka