Exhibit 24

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NORTHSTAR AVIATION L.L.C., *et al.*, )
)
)
Plaintiffs/Counterclaim Defendants, )
)
v. ) C.A. No. 1:18cv-00191-TSE-JFA
)
ALDEN BURT ALBERTO, )
a/k/a Reno Alberto, )
)
Defendant. )

# DECLARATION OF LYLE BECKA

I, Lyle Becka, hereby declare and affirm under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

1. I am over the age of eighteen (18) years, and I am not under any mental or physical disability which could impair my ability to truthfully attest to the matters stated herein.

2. I am a resident of the State of Florida.

3. I am the Vice President and Manager of NorthStar Aviation USA LLC ("NorthStar USA") and the ranking officer for all operations for both NorthStar Aviation L.L.C. ("NorthStar UAE," collectively with NorthStar USA, "NorthStar") and NorthStar USA.

4. I am responsible for the management of NorthStar USA and NorthStar UAE.

5. Dr. Ahmed Bin Saif is a member of the Board of Directors for NorthStar USA and NorthStar UAE. Dr. Bin Saif is one of two members of NorthStar UAE, which is, itself, the sole member of NorthStar USA.

1

6. Dr. Bin Saif is not involved in any day-to-day decision-making at NorthStar or in management of NorthStar

7. Dr. Bin Saif was not involved in any of the day-to-day decision-making or management of NorthStar when the Defendant, Alden Burt Alberto, was the Managing Director of NorthStar.

8. In the ordinary course of business, Dr. Bin Saif only receives information I provide to him in my capacity as Vice President of NorthStar.

9. When the Defendant, Alden Burt Alberto, was the Managing Director of NorthStar, Dr. Bin Saif only received information the Defendant provided to him in the Defendant's capacity as Managing Director of NorthStar.

10. The Defendant was Managing Director of NorthStar from 2012 to 2017.

11. During this period, the Defendant unilaterally made all decisions relating to employee compensation and bonuses at NorthStar, including his own compensation and bonuses.

12. During this period, all financial reports, financial statements, and/or corporate records of NorthStar were generated at the command of and in the possession of the Defendant.

13. During this period, Dr. Bin Saif was only apprised of the financial and corporate status of NorthStar if Defendant chose to provide to him financial reports, financial statements, and/or corporate records.

14. In 2017, no financial reports, financial statements, and/or no corporate records were created that reflected the amounts employees of NorthStar were awarded in compensation or bonuses.

15. In 2017, no financial reports, financial statements, and/or no corporate records were provided to Dr. Bin Saif that reflected the amounts employees of NorthStar were awarded in compensation or bonuses.

16. In 2017, no financial reports, financial statements, and/or no corporate records were provided to Dr. Bin Saif that reflected the amounts Defendant awarded to himself in compensation or bonuses.

17. Accordingly, Dr. Bin Saif was not apprised of the amounts Defendant awarded to NorthStar employees and to himself in compensation and bonuses in 2017.

18. One of the foundational documents of NorthStar UAE is a Memorandum of Association ("MOA") dated December 6, 2011 and entered into between Dr. Bin Saif and Rotana Jet Aviation LLC, shareholders of NorthStar UAE.

19. Under Article 13 of the MOA, profits and losses are to be allocated in the following manner: "The Company shall allocate a minimum of ten percent (10%) of its net profits each year to create a statutory reserve . . . . The net profits of the company shall be distributed between the Shareholders in the following proportion: Name of Shareholder: ROTANA JET AVIATION LLC - Abu Dhabi Branch 1: 99%. Name of Shareholder: SHEIKH AHMED BIN SAIF BIN MOHAMED AL NAHYAN: 1%."

20. Article 9 of the MOA also established a Board composed of three directors, Dr. Bin Saif, Defendant, and Hani Farag. The same Article provided that "[n]o resolution shall be passed at a meeting of the Board, unless a majority of directors vote in favour of such resolution."

21. While Managing Director of NorthStar, Defendant failed to allocate the net profits of the company in the manner specified in Article 13 of the MOA.

22. On June 29, 2017, Defendant awarded to himself $4.54 million dollars in funds derived from the net profits of NorthStar.

23. Defendant awarded this amount to himself as a bonus payment pursuant to a board resolution that only Defendant signed. This resolution was not approved by a majority of the directors of NorthStar.

24. FURTHER YOUR AFFIANT SAYETH NOT.

Executed this 7th day of January 2019.

_____(SEAL)
Lyle Becka