**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| NORTHSTAR AVIATION L.L.C., *et al.*, | ) |
| | ) |
|     Plaintiffs/Counterclaim Defendants, | ) |
| | ) |
| v. | )   C.A. No. 1:18cv-00191-TSE-JFA |
| | ) |
| ALDEN BURT DEFENDANT ALBERTO, | ) |
|     a/k/a Reno Defendant Alberto, | ) |
| | ) |
|     Defendant/Counterclaim Plaintiff. | ) |
| | ) |

**PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' MEMORANDUM SUPPORTING
THEIR MOTION *IN LIMINE* WITH RESPECT TO
<u>REFLEX RESPONSES MANAGEMENT CONSULTANCY, L.L.C.</u>**

Plaintiffs/Counterclaim Defendants NorthStar Aviation L.L.C. ("NorthStar UAE") and NorthStar Aviation USA, LLC ("NorthStar USA") (collectively "Plaintiffs" or "NorthStar") state the following in support of their motion *in limine* to exclude any arguments, evidence, testimony (including expert testimony), or references regarding, or inquiries attempting to elicit testimony regarding to documents involving Reflex Responses Management Consultancy, L.L.C. ("R2"), namely, (1) contracts, (2) governing documents, and/or (3) financial records. R2's contracts, governing documents, and financial records are irrelevant to the claims in this case and would be unduly prejudicial to Plaintiffs.

<u>RELEVANT FACTS</u>

In 2011, R2's owners of hired Defendant/Counterclaim Plaintiff Alden Burt Defendant Alberto ("Defendant") to serve as R2's managing director ("Director" or "CEO"). (*See* Dkt. 172, p. 1.) While serving in that position, Defendant not only failed to maintain R2 in good standing but, in fact, his poor management precipitated its forced liquidation. (*See id.*) After R2's debts

- 1 -

were paid, the company was wound down. Although there has been some testimony in this case to the effect that some of R2's funds eventually migrated to Vulcan Management Consultancy, LLC ("Vulcan Management"), a company wholly owned by Dr. Ahmed Bin Saif, there is no evidence of any such direct transfers. On the contrary, the documentary evidence all demonstrates that the initial funding for both Vulcan Management and for NorthStar UAE came from the UAE government.

More importantly, even if there were evidence R2 provided funds to Vulcan Management, the transfer of money from R2 to Vulcan Management is irrelevant with respect to NorthStar UAE and the instant litigation: there is no dispute that Vulcan Management and NorthStar UAE have been separate companies at all times and, indeed, Vulcan Management no longer exists.[1]

ARGUMENT

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See id.* at 40 n. 2. Such motions serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury. *See Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

I. DOCUMENTS RELATED TO R2 ARE IRRELEVANT

A trial court's role in deciding a motion in limine to exclude evidence "is grounded in [R]ule 104 of the Federal Rules of Evidence. That rule 'requires that a court make a preliminary

---

[1] Defendant did not own any interest in Vulcan Management Consultancy, LLC – not to be confused with a later company, Vulcan Aviation LLC, which Defendant launched to compete with NorthStar while Defendant remained employed by NorthStar. (See Dkt. 172 at 2 n.3.)

determination of the admissibility of all evidence.'" *Luitpold Pharm'ls, Inc. v. Ed. Geistliche Sohne A. G.*, No. 11cv681, 2015 WL 5459662, *1 (S.D.N.Y. Sept. 16, 2015) (cit. omit'd). *See In re James E. Long Constr. Co., Inc.*, 557 F.2d 1039, 1041 (4th Cir. 1977); F.R.E. 104(a). "Irrelevant evidence is not admissible." F.R.E. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. Rule 401; *see also Smithfield Foods, Inc. v. United Food & Commercial Workers Intl. Union*, 584 F.Supp.2d 832, 835 (E.D. Va. 2008) ("Evidence that is not relevant is never admissible.").

Here, testimony and documents referencing R2's contracts, governing documents, and/or financial records are irrelevant to the claims and defenses in this case. The only legitimate, relevant fact related to R2 is the fact that Defendant (and certain others) worked for NorthStar after having worked for R2. There are no claims or issues by any party in this case requiring the testimony and/or documents referencing such things as R2's contracts, governing documents, and/or financial records. Therefore, any attempt by Defendant to insert such testimony and/or documents should be precluded.

II.     DOCUMENTS RELATED TO R2 ARE PREJUDICIAL

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403; *see also Hamling v. U.S.*, 418 U.S. 87, 124–27, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974) (holding that trial court did not abuse its discretion by excluding evidence on the basis that it was largely irrelevant, and to the extent that it was relevant, it was confusing to the jury and cumulative). Further, evidence is unfairly prejudicial "when there is a genuine risk that the emotions of a jury

will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Hassan*, 742 F.3d 104, 132 (4th Cir. 2014) (quoting *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008)).

Here, while there have been minor references to R2 from various witnesses in the course of explaining how certain of NorthStar's eventual employees came to be located in the UAE, which might have relevance as background information, testimony and documents referencing R2's contracts, governing documents, and/or financial records will serve only to confuse the issues and mislead the jury. The claims and issues in this case involve Defendant's operation of NorthStar – not R2 – and detailed introduction of documents related to R2 therefore has no probative value.

## CONCLUSION

Plaintiffs respectfully request that the Court exclude any arguments, evidence, testimony (including expert testimony), or references regarding, or inquiries attempting to elicit testimony regarding, documents involving R2, namely, (1) contracts, (2) governing documents, and/or (3) financial records. These documents are irrelevant to the claims in this case and would be unduly prejudicial to Plaintiffs.

| | |
|---|---|
| Dated: February 7, 2019 | Respectfully submitted,<br><br>NORTHSTAR AVIATION, L.L.C. and<br>NORTHSTAR AVIATION USA LLC<br><br>By: DUNLAP BENNETT & LUDWIG PLLC<br><br>     /s/ Kevin T. Streit<br>     Of Counsel |
| Thomas M. Dunlap (VSB No. 44016)<br>Ellis L. Bennett (VSB No. 71685)<br>Ben S. Barlow (VSB No. 67933)<br>Mary E. Witzel (VSB No. 88117)<br>Eric L. Olavson (VSB No. 87872) | Kevin T. Streit (VSB No. 45024)<br>Kyle C. Harrison (VSB No. 44141)<br>DUNLAP BENNETT & LUDWIG PLLC<br>8003 Franklin Farms Drive, Suite 220<br>Richmond, Virginia 23229 |

| | |
|---|---|
| DUNLAP BENNETT & LUDWIG PLLC<br>211 Church Street SE<br>Leesburg, Virginia 20175<br>(703) 777-7319<br>(703) 777-3656 (facsimile)<br>tdunlap@dbllawyers.com<br>ebennett@dbllawyers.com<br>bbarlow@dbllawyers.com<br>mwitzel@dbllawyers.com<br>eolavson@dbllawyers.com | (804) 823-7776<br>(804) 977-2680 (facsimile)<br>kstreit@dbllawyers.com<br>kharrison@dbllawyers.com |
| Noah Fontanez, Esquire, *Pro Hac Vice*<br>DUNLAP BENNETT & LUDWIG PLLC<br>616 South Boston Avenue, Suite 600<br>Tulsa, Oklahoma 74119<br>(918) 505-7851<br>(918) 505-7851 (facsimile)<br>nfontanez@dbllawyers.com | Sarah C. Aviles (VSB No. 86031)<br>DUNLAP BENNETT & LUDWIG PLLC<br>8300 Boone Boulevard, Suite 550<br>Vienna, Virginia 22182<br>(703) 777-7319<br>(703) 777-3656 (facsimile)<br>saviles@dbllawyers.com |

*Counsel for Plaintiffs/Counterclaim Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on this, the 7th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to the following:

>Declan Leonard, Esq.
>Clyde E. Findley, Esq.
>Nicholas R. Johnson, Esq.
>David Deitch, Esq.
>Samantha Collins, Esq.
>Berenzweig Leonard LLP
>8300 Greensboro Drive, Suite 1250
>McLean, Virginia 22102
>dleonard@berenzweiglaw.com
>cfindley@berenzweiglaw.com
>njohnson@berenzweiglaw.com
>ddeitch@berenzweiglaw.com
>scollins@berenzweiglaw.com
>*Counsel for defendant/counterclaim plaintiff Alden Burt Defendant Alberto*

>/s/ Kevin T. Streit
>Kevin T. Streit  (VSB No. 45024)
>Dunlap Bennett & Ludwig, PLLC
>8003 Franklin Farms Drive, Suite 220
>Richmond, Virginia 20175
>(804) 823-7776
>(804) 977-2680 (facsimile)
>kstreit@dbllawyers.com
>*Counsel for Plaintiffs/Counterclaim Defendants*